UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

In the Matter of Stephanie Warren, Parent of Disabled Child Michael Warren,

                              Plaintiff,

         --against--

New York City Department of Education,

                              Defendant.

------------------------------------------------------------------------ X

**ANSWER**

07 CV 9812 (JGK)

        Defendant by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its Answer to the Complaint, respectfully alleges as follows:

1. Denies the allegations set forth in paragraph "1" of the Complaint, except admits that plaintiff purports to proceed as set forth therein.

2. Denies the allegations set forth in paragraph "2" of the Complaint, except admits that plaintiff purports to proceed as stated therein, admits, upon information and belief, that Stephanie Warren is the parent of a child who has been classified as disabled, and respectfully refers the Court to the statutory authority, regulations, and judicial opinions cited and referred to therein for a complete and accurate statement of their contents and legal import.

3. Denies the allegations set forth in paragraph "3" of the Complaint, except admits that plaintiff purports to set forth a basis for jurisdiction.

4. Denies the allegations set forth in paragraph "4" of the Complaint, except admits that plaintiff purports to set forth a basis for venue in paragraph "4."

- 2 -

5. Denies the allegations set forth in paragraph "5" of the Complaint, and respectfully refers the Court to the statutory authority cited therein for a complete and accurate statement of its contents and legal import.

6. Denies the allegations set forth in paragraph "6" of the Complaint, and affirmatively states that the New York City Department of Education ("defendant" or "DOE") is a local educational agency as defined by the Individuals with Disabilities Education Act ("IDEA"), and respectfully refers the Court to Article 52-A of the N.Y. Educ. Law regarding the powers and duties of the DOE for a complete and accurate statement of its contents, and to Article 89 of the New York State Education Law for a complete and accurate statement of its contents.

7. Admits that the DOE's principal office is located at 52 Chambers Street New York, New York 10007, as set forth in paragraph "7" of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint, except admits that Michael Warren ("Michael") has been classified as a student with a disability, and admits, upon information and belief, that plaintiff Stephanie Warren ("parent" or "plaintiff") is the parent of Michael.

9. Denies the allegations set forth in paragraph "9" of the Complaint, except admits that plaintiffs requested and received an administrative hearing before the Impartial Hearing Officer ("IHO"), and that defendant appealed the decision of the IHO to the New York State Review Officer ("SRO").

10. Denies the allegations set forth in paragraph "10" of the Complaint, except admits that an impartial hearing was conducted in this matter on July 19, 2006, September 14,

2006, and December 19, 2006 and that the IHO issued an Impartial Hearing Officer's Findings of Fact and Decision ("IHO decision") dated March 2, 2007, and respectfully refers the Court to the transcript of the impartial hearing and the IHO decision for a complete and accurate statement of their contents

11. Denies the allegations set forth in paragraph "11" of the Complaint, and respectfully refers the Court to defendant's appeal of the IHO decision, and to plaintiff's cross-appeal, and to the decision of the State Review Officer ("SRO decision") for a complete and accurate statement of their contents.

12. Denies the allegations set forth in paragraph "12" of the Complaint, except admits that Michael has been classified by the Committee on Special Education ("CSE") as learning disabled.

13. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint, except admits that Bay Ridge Preparatory School ("Bay Ridge") is not an approved private school which conforms to the requirements of Federal and State laws and regulations governing the education of students with disabilities, and has not been approved by the Commissioner of Education for the purpose of contracting with public schools for the instruction of students with disabilities.

14. Denies the allegations set forth in paragraph "14" of the Complaint, except admits that Michael Warren attended P.S. 222 from kindergarten through fifth grade.

15. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint, except admits that plaintiff requested that the DOE subsidize the student's tuition at Bay Ridge.

16. Denies the allegations set forth in paragraph "16" of the Complaint, except admit that DOE agreed to subsidize Michael's attendance at Bay Ridge during the 2001-2002 school year.

17. Denies the allegations set forth in paragraph "17" of the Complaint, except admit that Individualized Education Plans ("IEPs") developed for the student during the referred to school years recommended that the student be placed in a DOE school.

18. Denies the allegations set forth in paragraph "18" of the Complaint, except admits that plaintiff challenged the recommended placements by requesting impartial hearings, and admits that DOE agreed to subsidize Michael's attendance at Bay Ridge during the 2002-2003, 2003-2004, and 2004-2005 school years.

19. Denies the allegations set forth in paragraph "19" of the Complaint, and respectfully refers the Court to the IEP dated June 2, 2005 for a complete and accurate statement of its contents.

20. Denies the allegations set forth in paragraph "20" of the Complaint, except admit that plaintiff purports to proceed as set forth therein.

21. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22. Denies the allegations set forth in paragraph "22" of the Complaint, and respectfully refers the Court to the letter dated January 12, 2006 and to the IHO decision for a complete and accurate statement of their contents.

23. Denies the allegations set forth in paragraph "23" of the Complaint, and respectfully refers the Court to the IHO decision for a complete and accurate statement of its contents.

- 5 -

24. Denies the allegations set forth in paragraph "24" of the Complaint, and respectfully refers the Court to the IHO decision for a complete and accurate statement of its contents.

25. Denies the allegations set forth in paragraph "25" of the Complaint, and respectfully refers the Court to the pleadings submitted by defendant to the SRO for a complete and accurate statement of their contents.

26. Denies the allegations set forth in paragraph "26" of the Complaint, and respectfully refers the Court to the SRO decision for a complete and accurate statement of their contents.

27. Denies the allegations set forth in paragraph "27" of the Complaint, and respectfully refers the Court to the pleadings submitted by plaintiff to the SRO for a complete and accurate statement of their contents.

28. Denies the allegations set forth in paragraph "28" of the Complaint, and respectfully refers the Court to the SRO decision for a complete and accurate statement of their contents.

29. Denies the allegations set forth in paragraph "29" of the Complaint, except admits that plaintiff purports to proceed as set forth therein.

30. Denies the allegations set forth in paragraph "30" of the Complaint, and respectfully refers the Court to the IHO decision and the SRO decision for a complete and accurate statement of their contents.

31. Denies the allegations set forth in paragraph "31" of the Complaint, and respectfully refers the Court to <u>Sch. Comm. of Burlington v. Dep't of Educ.</u>, 471 U.S. 359 (1985)

and to Florence County Sch. Dist. Four v. Carter, 510 U.S. 7 (1993) for a complete and accurate statement of their contents and legal import.

32. Denies the allegations set forth in paragraph "32" of the Complaint, and respectfully refers the Court to the SRO decision for a complete and accurate statement of its contents.

33. Denies the allegations set forth in paragraph "33" of the Complaint.

34. Denies the allegations set forth in paragraph "34" of the Complaint.

35. Denies the allegations set forth in paragraph "35" of the Complaint.

36. Denies the allegations set forth in paragraph "36" of the Complaint, and respectfully refers the Court to Application of a Child with a Disability, Appeal No. 06-035, for a complete and accurate statement of its contents.

37. In response to the allegations set forth in paragraph "37" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "36" inclusive of this answer, as if fully set forth herein.

38. Denies the allegations set forth in paragraph "38" of the Complaint.

39. In response to the allegations set forth in paragraph "39" of the Complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "38" inclusive of this answer, as if fully set forth herein.

40. Denies the allegations set forth in paragraph "40" of the Complaint.

41. In response to the allegations set forth in paragraph "41" of the Complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "40" inclusive of this answer, as if fully set forth herein.

42. Denies the allegations set forth in paragraph "42" of the Complaint.

43. Denies the allegations set forth in paragraph "43" of the Complaint.

44. Denies the allegations set forth in paragraph "44" of the Complaint.

45. Denies the allegations set forth in paragraph "45" of the Complaint.

46. Denies the allegations set forth in paragraph "46" of the Complaint, and respectfully refers the Court to the IHO decision for a complete and accurate statement of its contents.

47. In response to the allegations set forth in paragraph "47" of the Complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "46" inclusive of this answer, as if fully set forth herein.

48. Denies the allegations set forth in paragraph "48" of the Complaint.

49. Denies the allegations set forth in paragraph "49" of the Complaint.

50. Denies the allegations set forth in paragraph "50" of the Complaint.

51. Denies the allegations set forth in paragraph "51" of the Complaint.

**FOR A FIRST DEFENSE:**

52. The Complaint fails to state a claim upon which relief can be granted.

**FOR A SECOND DEFENSE:**

53. Defendant offered the student a Free Appropriate Public Education for the 2005-2006 school year.

**FOR A THIRD DEFENSE:**

54. The SRO correctly determined that the equities precluded an award of the cost of tuition to plaintiff.

**FOR A FOURTH DEFENSE:**

55. Plaintiff's claims should be dismissed for lack of standing.

### FOR A FIFTH DEFENSE:

56. Defendant did not violate any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### FOR A SIXTH DEFENSE:

57. At all times relevant to the acts alleged in the Complaint, the conduct of defendant was lawful, constitutional, without malice, and in good faith.

**WHEREFORE,** defendant requests judgment dismissing the Complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         December 21, 2007

>MICHAEL A. CARDOZO
>Corporation Counsel of the
>  City of New York
>Attorney for Defendant
>100 Church Street, Room 2-306
>New York, New York 10007
>(212) 788-0957
>
>By:_____/S/_____
>    Abigail Goldenberg (AG 4378)
>    Assistant Corporation Counsel

To:   Anton Papakhin, Esq., by ECF
      Tikhomirov & Roytblat, PLLC
      AP 4680
      Attorney for Plaintiffs
      1400 Avenue Z—Suite 403
      Brooklyn, NY 11235