```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x

In the Matter of STEPHANIE
WARREN, Parent of Disabled
Child MICHAEL WARREN,
                                           AFFIDAVIT IN SUPPORT
                                           OF AMICI CURIAE
                  Plaintiff,
       - v -                               07 CV 9812 (JGK)

NEW YORK CITY DEPARTMENT OF
EDUCATION,

                  Defendant.
----------------------------------------x
```

State of New York )
County of New York) ss.:

    LYNN BLAKE-GHEE, being duly sworn, deposes and says:

    1. I reside at 392 Manhattan Avenue, Apt. 5A, New York, New York, 10026 and I am the parent of Anthony Blake, a 17-year-old special-education student who is severely learning disabled with diagnosed dyslexia (reading disorder) and mathematics disorder.

    2. I make this affidavit in support of the amicus curiae organizations' arguments before this Court.

    3. Presently, Anthony is in the 11th grade at Winston Preparatory School, a special-education school in Manhattan, which he has attended for the past four years (since 8th grade) at the expense of the New York City Department of Education.

4. From kindergarten through seventh grade, Anthony attended public school in the New York City school system. Four years ago, in the spring of 2004, it became obvious that Anthony was not progressing academically in the program the Department of Education (DOE) was providing for him, i.e., an 8:1 special education class in a community school with resource room and counseling.

5. In third grade, despite Anthony's good IQ test results, he began to fall behind grade level particularly in reading and mathematics. He had to repeat third grade, and each year after that he fell farther behind academically when compared to his school peers.

6. By sixth grade his decoding skills were at second-to-fourth grade level and his computation skills were at third grade level. In seventh grade, he was issued a "promotion in doubt" letter.

7. Because Anthony was not obtaining meaningful educational benefit from his public school placement and services, I lost confidence in the DOE's ability to evaluate and instruct Anthony effectively. I therefore went outside the DOE and obtained an independent, comprehensive psycho-educational evaluation at SUNY College of Optometry, which spelled out in detail the nature of Anthony's learning disability and the multi-sensory

instructional method he required to learn and progress academically.

8. The evaluation was given to the DOE, but they did not change their recommendation for his program accordingly.

9. I then applied to enroll Anthony at Winston Preparatory School (Winston) in Manhattan, a private school for learning disabled students in which all classes and instruction is designed to meet the needs of students with Anthony's deficits.

10. My son was accepted at Winston, but my difficulty was that I could not afford to pay the tuition. Even though Anthony was awarded a substantial scholarship from Winston, I could not afford to pay the tuition balance of $17,500.00 "up front" and then seek reimbursement from the DOE.

11. The only family income my husband and I had then (and still have) is a veteran's pension, a small adoption subsidy from the City of New York, and my own Social Security disability benefits. Our family was (and still is) completely unable to make tuition payments to Winston, and then seek reimbursement from the DOE through the Impartial Hearing process.

12. I took out a loan to pay the deposit for the 2004-2005 school term for Anthony, and sought the help of PFCR, or Partnership for Children's Rights (then called Legal Services

for Children, Inc.), for legal representation to obtain a tuition order in an Impartial Hearing.

13. The DOE, although agreeing that it could not provide an appropriate education for Anthony in the public schools, nevertheless objected to enrolling him at Winston. After an Impartial Hearing that took several days including testimony of witnesses and introduction of many reports and documents, the Impartial Hearing Officer in Case No. 53989 ruled that the placement proposed by the DOE was inappropriate, and Winston was appropriate to provide meaningful educational benefit to Anthony. She ordered prospective, direct tuition payments to be made by the DOE to Winston for the 2004-2005 school year (eighth grade).

14. In each of the three school years since then (ninth, tenth and eleventh grades), the DOE has again recommended essentially the same public school class for Anthony that was never effective in educating him. Therefore, in each and every year, PFCR has had to initiate an Impartial Hearing to obtain a tuition order for that particular year.
In each case, the DOE has, prior to the hearing, stipulated to pay the tuition at Winston. Each year I borrowed to pay the 10% deposit, but I could never have paid the tuition payments as

they became due unless the DOE had been ordered to pay (and later agreed to pay) directly to the school.

15. Anthony is thriving at Winston Preparatory School. His skills relative to his peers are improving, his interest in school and his motivation to excel are excellent, and he is hoping to attend college after high school.

16. None of this could have been possible without the federal and state laws that require the DOE to provide an appropriate education for every student. That right would be meaningless in Anthony's case unless the DOE were required to pay the private school tuition directly to the school, because I could not have afforded to pay the tuition at Winston Preparatory School, and I could not expect Winston to accept students from lower-income households like ours unless their fees are paid.

17. Without the Impartial Hearing order, and the DOE's later stipulations, to pay Winston's tuition directly, Anthony would still be back in the public school program which the hearing officer found, and the DOE later conceded, was inappropriate for him because of the seriousness of his learning disability.

WHEREFORE, I respectfully join in the appeal to this Court by Partnership for Children's Rights and the other

organizations, for a ruling that direct tuition payments to appropriate private schools are both lawful and required when necessary under the Individuals With Disabilities Education Act, due to the financial inability of the parents to pay tuition in advance, and wait for reimbursement.

*Mrs. Lynn Blake-Ghee*
LYNN BLAKE-GHEE

Sworn to before me this
21 day of May, 2008

*Michael D. Hampden*
Notary Public

MICHAEL D. HAMPDEN
NOTARY PUBLIC, STATE OF NEW YORK
No. 4678628
Qualified in Westchester County
Commission Expires 10/31/10

6