UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

Stephanie Warren,
Parent of Disabled Child Michael Warren

                                   Plaintiff

                  -against-

New York City Department of Education,

                                   Defendant
----------------------------------------------------------X

Docket No.
07-Civ-09812 (JGK)

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Tikhomirov & Roytblat, PLLC
Anton Papakhin (AP 4680) of Counsel
Attorneys for Plaintiffs
1400 Avenue Z– Suite 403
Brooklyn, NY  11235
Tel: 718.376.9500 or 917.270.1403
Fax: 718.676.5649

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** .................................................................................................. 1

**PROCEDURAL HISTORY** ....................................................................................................... 1

**STATEMENT OF FACTS** ........................................................................................................ 4

**LEGAL STANDARDS** .............................................................................................................. 4

**SUMMARY OF ARGUMENT** ................................................................................................... 6

**ARGUMENT** ............................................................................................................................. 7

I. THE SRO ERRED IN DENYING TUITION FUNDING BASED ON PLAINTIFF'S FAILURE TO COMPLY WITH THE NOTICE REQUIREMENT ................................................................................. 7

    A. THE SRO EXCEEDED HIS JURISDICTION IN RAISING THE ISSUE THAT PLAINTIFF FAILED TO COMPLY WITH THE NOTICE REQUIREMENTS, *SUA SPONTE*, THAT HAS NOT BEEN ARGUED ON APPEAL .................................................................................. 7

    B. THE SRO ERRED IN APPLYING TEN DAY NOTICE REQUIREMENT IN THIS CASE AS THE STUDENT WAS NOT REMOVED FROM PUBLIC SCHOOL ................................ 10

    C. ASSUMING, *ARGUENDO*, THE TEN DAYS NOTICE REQUIREMENT APPLIES, THE BALANCE OF THE EQUITIES DOES NOT SUPPORT TOTAL DENIAL OF TUITION FUNDING ............ 11

II. PLAINITFF WAS NOT RELIEVED OF HER FINANCIAL RESPONSIBILITY FOR TUITION PAYMENT WHEN SHE ENTERED INTO THE ENROLLMENT CONTRACT WITH BAY RIDGE ................................................................................................................................................. 13

III. DEFENDANT IS RESPONSIBLE FOR THE TUITION COSTS IRRESPECTIVE OF WHETHER PLAINTIFF WAS RELIEVED OF FINANCIAL OBLIGATIONS .................................................. 14

**CONCLUSION** ........................................................................................................................ 18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

Stephanie Warren,
Parent of Disabled Child Michael Warren

                              Plaintiff

-against-

New York City Department of Education,

                              Defendant
------------------------------------------------------------X

Docket No.
**07-Civ-09812 (JGK)**

**MEMORANDUM OF LAW IN
SUPPORT OF MOTION FOR
SUMMARY JUDGMENT**

## PRELIMINARY STATEMENT

Stephanie Warren (Plaintiff) commenced this action pursuant to the Individuals with Disabilities Act (IDEA), reenacted as the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C.A. § 1415(i)(2)(A) (Supp. 2005), seeking reversal of a final administrative decision by the New York State Review Office (SRO) denying her claim for payment of her son's tuition at Bay Ridge Preparatory School (Bay Ridge) during the 2005-2006 school year.

## PROCEDURAL HISTORY

Plaintiff filed an impartial hearing request on January 12, 2006, seeking an order directing the New York City Department of Education (DOE) to pay for her son's tuition at Bay Ridge for the 2005-2006 school year (See Impartial Hearing Officer Exh. I)[1]. In a decision dated March 2, 2007, the Impartial Hearing Officer (IHO) determined that the DOE failed to offer a FAPE to the student, that Bay Ridge was an appropriate placement, and that Plaintiff cooperated with the DOE (IHO Decision p. 7-8). The IHO also found that Plaintiff incurred no financial obligation

---

[1] In the Impartial Hearing Officer's Findings of Fact and Decision plaintiff is referred to as "Parent." Defendant is referred to as "District."

2

to pay her son's tuition because the enrollment contract provided that Bay Ridge assumed the risk in case Plaintiff did not recover prospective payment from the DOE (Id. at 9-10). The IHO concluded that IDEA authorizes courts to grant all "appropriate" relief including direct tuition payment to a private school and ordered the DOE to pay for the student's tuition at Bay Ridge for the 2005-2006 school year (Id. at 11-12).

The DOE appealed the IHO's order to the SRO arguing that Plaintiff lacked standing to claim prospective payment to the private school because the student had already completed the 2005-2006 school year and Plaintiff incurred no financial obligation for the student's tuition (See Petitioner's Verified Petition dated April 9, 2007)[2]. In alternative, DOE argued on appeal that it offered the student a FAPE and that equitable considerations preclude an award of tuition funding (Id. at 16-18). Plaintiff answered the petition and cross-appealed a portion of the IHO's decision finding that Plaintiff incurred no financial obligation for the student's tuition at Bay Ridge based on the plain language of the Enrollment Contract entered into between Plaintiff and Bay Ridge, dated August 15, 2005 (Enrollment Contract) (See Respondent's Verified Answer and Cross Appeal; See also Memorandum of Law in Support of Respondent's Answer and Cross Appeal).

In a decision dated July 5, 2007, the SRO dismissed Plaintiff's cross-appeal and sustained DOE's appeal in part, reversing the IHO's order of direct tuition payment. While affirming the IHO's findings with respect to denial of FAPE and appropriateness of unilateral placement at Bay Ridge, the SRO denied Plaintiff's request for tuition payment based on her failure to provide the notice required by the IDEA.

---

[2] In the SRO's Decision, Appeal No. 07-032 DOE is referred to as "Petitioner." Plaintiff is referred to as "Respondent."

3

In alternative, the SRO noted that even if he had found that Plaintiff prevailed with respect to the equities, he would reverse the IHO's order awarding tuition costs directly to Bay Ridge because Plaintiff suffered no "out-of-pocket loss" nor incurred "financial responsibility" for her son's tuition at Bay Ridge for the 2005-2006 school year.

Plaintiff appealed the SRO's decision to this Court on November 5, 2007 and herein moves for summary judgment.

## STATEMENT OF FACTS

We respectfully refer the Court to the Complaint, Plaintiff's Rule 56.1 Statement, and the attached affidavit of Stephanie Warren for a statement of the facts of this case.

## LEGAL STANDARDS

The IDEA is designed to ensure that all children with disabilities are provided with a free appropriate public education (FAPE). See U.S.C.A. § 1400(d)(1)(A) (Supp. 2005); Schaffer v. Weast, 546 U.S. 49, 51 (2005). In order to satisfy the requirements of the IDEA, a school district must provide each disabled child with "special education and related services," 20 U.S.C.A. § 1401(9), that are "reasonably calculated to enable the child to receive educational benefits," Bd. Of Educ. V. Rowley, 458 U.S. 176, 207 (1982), and provided in the least restrictive environment that meets the child's educational needs, see § 20 U.S.C.A. § 1412(a)(5)(A). A school district must have an Individualized Education Program (IEP) in place for each student with a disability at the beginning of the school year and review that IEP not less than annually. See 20 U.S.C.A. §§ 1414(d)(2)(A), (d)(4)(A)(i).

Under the standard set forth by the United States Supreme Court (Supreme Court) in School Committee of Burlington v. Department of Education, 471 U.S. 359 (1985), a board of education may be required to pay for educational services obtained by a parent for his or her

4

education may be required to pay for educational services obtained by a parent for his or her child if: (1) the services offered by the board were inadequate or inappropriate; (2) the services obtained by the parent were appropriate; and (3) equitable considerations support the parent's claim. Id. At 370, 374. When the three Burlington prongs are satisfied, parents who have unilaterally placed their child in a private school may obtain reimbursement for the cost of the private school tuition. See Florence County Sch. Dist. Four v. Carter, 520 U.S. 7, 12 (1993); Burlington, 471 U.S. at 369.

In Burlington, the Supreme Court found that Congress intended retroactive reimbursement to parents by school officials as one of available remedies under the IDEA (Burlington, 471 U.S. at 370-371). "Reimbursement merely requires [a district] to belatedly pay expenses that it should have paid all along and would have borne in the first instance had it developed a proper IEP" (id.).

Parents seeking payment for the cost of a unilateral private placement must first pursue their claim in an impartial due process hearing. See 34 C.F.R. §§ 200.5(k) (2007). Once these administrative remedies have been exhausted, either party—the parent or the school district—may seek independent judicial review in the state or federal courts. See 34 C.F.R. § 300.516.

In IDEA cases, the court reviews the record de novo, under a preponderance of the evidence standard. Gagliardo v. Arlington Cent. Sch. Dist., 489 F.3d 105, 112 (2d Cir. 2007). The court gives "due weight" to administrative rulings based on educational policy, see Walczak v. Fla. Union Free Sch. Dist., 142 F.3d 119, 129 (2d Cir. 1998), and to those findings of fact supported by evidence in the record, see Gagliardo, 489 F.3d at 113. No deference is given to administrative rulings on pure questions of law. Lillbask v. Conn. Dep't. of Educ., 397 F. 3d 77, 82 (2d Cir. 2005).

## SUMMARY OF ARGUMENT

Both the locally-appointed IHO and the New York State Education Department's SRO concluded that the DOE denied Plaintiff's child a FAPE. The DOE did not appeal this finding to this Court. Plaintiff proved at the impartial hearing that Bay Ridge was an appropriate placement for the student, satisfying her burden under the second Burlington prong. The DOE does not contest the appropriateness of Bay Ridge.

The SRO reversed the IHO's findings with respect to the third Burlington prong based on Plaintiff's failure to satisfy the ten day notice requirement under 20 U.S.C. § 1412[a][10][C][iii][I]. The Court should overturn the SRO's ruling with respect to the ten day notice requirement because this issue was not raised on appeal to the SRO. As such, the SRO ruled on the improperly raised issue, *sua sponte*. In alternative, the ten day notice requirement does not even apply to this case. Assuming, *arguendo,* the ten day notice applies to this case, the balance of equities do not support total denial of tuition payment.

The essential issues before the Court are whether Plaintiff incurred financial obligation for her son's tuition at Bay Ridge based on the plain language of the Enrollment Contract or whether such obligation is even necessary to seek direct tuition payment by a school district to a private school as an "appropriate" and available form of relief under the IDEA. Plaintiff was not relieved of financial obligations when she entered into the Enrollment Contract with Bay Ridge. Assuming, *arguendo*, the terms of the Enrollment Contract relieved Plaintiff from financial responsibility for tuition payment, the DOE should be responsible for the tuition costs irrespective of whether Plaintiff was relieved of such responsibility.

# ARGUMENT

# POINT I

## THE SRO ERRED IN DENYING TUITION FUNDING BASED ON PLAINTIFF'S FAILURE TO COMPLY WITH THE NOTICE REQUIREMENT

**A.    The SRO exceeded his jurisdiction in raising the issue that Plaintiff failed to comply with the notice requirements, *sua sponte*, that has not been argued on appeal.**

While he neglected to rule on the issues presented by the parties, the SRO unaccountably created an issue of his own – one that the DOE did not argue in its petition at the state review level. The "third prong" of the Burlington inquiry in this case called for a decision as to whether Plaintiff's claim for tuition funding is supported by equitable considerations. In its Verified Petition to the SRO, DOE argued that the balance of the equities did not support Plaintiff's request for tuition funding because Plaintiff never intended to place her child in the recommended program (See Defendant's Verified Petition at ¶ 76-77). DOE supported its argument by relying on the plain language contained in Bay Ridge's Enrollment Contract that required Plaintiff to reject the public school placement in favor of placing her child in Bay Ridge (Id.).

Plaintiff did not agree to reject, out of hand, any offer of public school placement made by the DOE. Rather, she chose to reject a specific program recommendation of a special education class with 15:1 student to teacher ratio made at the June 2, 2005 Committee on Special Education (CSE) review. In addition, the balance of the equities do not prohibit her from entering into a tuition contract with a preferred private school (especially the one that her child successfully attended for the past five years) prior to the date of the relevant CSE meeting (See

Respondent's Verified Answer and Cross-Appeal at ¶ 73; see also Memorandum of Law in Support of Respondent's Verified Answer and Cross-Appeal at 9-10).

Ignoring the parties' legal positions, and ignoring the wealth of documentary and testimonial evidence supporting the IHO's conclusion with respect to equitable consideration under the third prong of Burlington test, the SRO decided to rule on the issue that neither party contended on appeal nor had the opportunity to address. Nowhere in the DOE's verified petition to the SRO is the issue of the ten day notice mentioned. This was a particularly harmful diversion for the SRO to take, since he failed and neglected to decide **the only prong III issue** raised by DOE on appeal to the SRO – namely, whether equitable considerations supported Plaintiff's claim for tuition funding because she signed the Enrollment Contract that required her to reject the recommended public school placement in favor of placing her child at Bay Ridge. The SRO surely acknowledged many of his own as well as federal court precedent holding that a parent's preference for a private school placement is not dispositive of a claim for tuition funding (Application of a Child with a Disability, Appeal No. 02-059; Application of a Child with a Disability, Appeal No. 01-068; Application of the Bd. of Educ. of the City Sch. Dist. of the City of New York, Appeal No. 00-025; see Wolfe v. Taconic Hills Cent. Sch. Dist., 167 F. Supp.2d 530, 534-35; see also, Schaffer v. Weast, 242 F. Supp.2d 396, 407-408). In following these decisions, the IHO correctly determined that signing the contract with Bay Ridge after the CSE review but prior to her observing the recommended placement did not, in and of itself, disqualify Parent from prevailing (See IHO Decision at 8). The SRO did not disturb the IHO's finding. Instead the SRO raised the ten day notice issue, *sua sponte*, ruled on it without offering respondent any opportunity for reply, and concluded that the IHO erred by finding that Plaintiff prevailed on her claim seeking the costs of tuition at Bay Ridge (SRO Decision at 4).

Federal courts have ruled uniformly that administrative hearing officers in IDEA appeals may not raise or decide issues outside the issues raised by the parties. In <u>Hiller v. Bd. of Educ.</u>, 674 F.Supp. 73 (N.D.N.Y. 1987), the parents of a learning disabled child brought an administrative appeal to contest the adequacy of the IEP issued for their child. The court held that the New York State Commissioner of Education (the reviewing official in New York prior to the creation of the SRO) exceeded his authority when, on an appeal where neither party contested the appropriateness of the classification, he decided independently that the student should be re-classified as non-disabled. The fact that the SRO's decision shall be "independent" under the Act, 20 U.S.C. § 1415(g)(2); 34 C.F.R. § 300.514(b)(2)(v), does not give license for him to exceed his authority by considering uncontested issues, and no deference is due to his decision in such a case:

> The Board of Education had the opportunity to raise the handicap issue when David's parents appealed the IEP; but they chose not to do so. Thus, the Commissioner was limited to considering only the IEP issue. Because the Commissioner clearly exceeded the scope of his authority, the court is not bound by that determination here.

<u>Hiller v. Bd. of Educ.</u>, 674 F. Supp. at 77.

"When administrative rulings go beyond the issues and evidence presented by the parties, opportunities for erroneous administrative decisions abound." <u>Slack v. State of Delaware Dep't of Public Instr.</u>, 826. F.Supp. 115, 123 (D. Del. 1993). <u>See</u> also, <u>County of San Diego v. California Special Education Hearing Office</u>, 93 F.3d 1458, 1465 (9th Cir. 1996) ("The scope of the administrative hearing. . .is limited to the 'complaint' raised to obtain the hearing."); <u>Metropolitan Bd. of Public Educ. v. Guest</u>, 193 F.3d 457, 463 (6th Cir. 1999) (concluding that district courts have no authority to review IEPs when the parent does not seek review of the IEPs in the administrative hearing); <u>Winkelman v. Parma City Sch. Dist.</u>, 411 F.Supp.2d 722, 728 (N.D. Ohio 2005), <u>appeal</u> <u>dism.</u>, 150 Fed. Appx. 406 (6th Cir. 2005) (holding that district courts

should not address issues beyond those presented in the administrative process due to the concern that parties would have no opportunity to address those issues); Bd. of Educ. v. Redovian, 18 IDELR 1092, 1098 (E.D. Ohio 1993) (holding that a hearing officer erred in ruling that past IEPs were inadequate, because parents had not raised the issue in their request for a hearing).

It was particularly inappropriate for the SRO to exceed the scope of the issues on appeal, considering that Congress has recently codified the conclusion reached by many courts independently when it amended the IDEA in July 2005 to provide: "The party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that were not raised in the notice [requesting the hearing]." 20 U.S.C. § 1415(f)(3)(B). See also, 34 C.F.R. § 300.511(d). Surely the SRO may not do what the IDEA prohibits the parties themselves from doing. The SRO's decision with respect to Plaintiff's failure to provide the ten day notice must be annulled for this reason alone.

**B.   The SRO erred in applying ten day notice requirement in this case as the student was not removed from public school.**

In any event, the clear implication of the plain language of the IDEA is that the ten days notice requirement applies to parents who removed their children from public school prior to requesting tuition reimbursement for unilateral placement. That was not the case with Plaintiff's son who has attended Bay Ridge for the past five years. Therefore, the SRO erred in finding that the ten days notice requirement applied to Plaintiff whose child had not been removed from DOE's program.

"If the intent of Congress is clear, a court reviewing an agency's construction of a statute that it administers "must give effect to the unambiguously expressed intent of Congress." Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-43, 81 L.

Ed. 2d 694, 104 S. Ct. 2778 (1984).  Here, where there is no ambiguity in the statutory language if the IDEA, the SRO should not have applied the ten days notice requirement to the case at bar. In addition, the SRO himself consistently held that the ten days notice requirement does not apply where the child was not in public school, and therefore could not be removed from such school (Application of a Child with a Disability, Appeal No.05-049; Application of a Child with a Disability, Appeal No. 03-032; Application of the Bd. of Educ., Appeal No. 02-059; Application of the Bd. of Educ., Appeal No. 99-38; Application of a Child with a Disability, Appeal No. 99-28).  Without any explanation for departing from his previous interpretation of the statute, the SRO denied Plaintiff's request for tuition funding in its entirety for failure to comply with 20 U.S.C. § 1412[a][10][C][iii][I].

C. **Assuming, *arguendo*, the ten days notice requirement applies, the balance of the equities does not support total denial of tuition funding.**

Under 20 U.S.C. § 1412(a)(10)(C)(iii), a denial or reduction in reimbursement is not mandatory but discretionary.  The SRO applied an erroneous standard in reviewing the equitable considerations under the Burlington/Carter analysis.  The SRO held that the a board of education may be required to pay for educational services obtained for a student by a student's parent if the services offered by the board of education are inadequate or inappropriate ("prong one,") the services selected by the parent are appropriate ("prong two"), and equitable considerations support the parent's claim ("prong three") citing School Committee of Burlington v. Department of Ed. Of Mass., 471 U.S. 359 [1985] and Florence County Sch. Dist. Four v. Carter, 510 U.S. 7 [1993] (See SRO Decision at 3).

Plaintiff contends that the tests for reimbursement set forth by the SRO cannot be considered as mutually exclusive tests, as the SRO considered them to be, and that the standard of proof differs when, as here, the board of education offered an inappropriate program and has

11

utterly failed to fulfill its legal obligations pursuant to the IDEA with respect to the student. Thus the SRO failed to consider the relationship between the DOE's violations of the IDEA and the equitable considerations on prong three.

Plaintiff's actions or omissions did not prevent the DOE from offering the student an appropriate educational program. Plaintiff's failure to provide the ten day notice surely did not cause the DOE any prejudice as it took no steps to revisit the appropriateness of the offered program subsequent to being informed at the June 2, 2005 CSE meeting that the student's psychoeducational evaluation was inadequate. At the very least, the DOE's CSE should have re-evaluated the student in order to assess his basic needs. In fact, the student has not been re-evaluated to date.

Because the DOE failed to offer an appropriate educational program at the CSE review meeting, Plaintiff had no choice but to re-enroll her son at Bay Ridge for the 2005-2006 school year. The SRO erred by failing to take these findings into consideration as part of his determination as to Plaintiff's entitlement to a tuition award under prong three of Burlington. See, e.g., Carter, 510 U.S. at 15 ("once a court holds that the public placement violated IDEA, it is authorized to 'grant such relief as the court determines is appropriate.' ... Under this provision, 'equitable considerations are relevant in fashioning relief ... and the court enjoys 'broad discretion' in doing so.") (citations omitted). This discretion must be exercised against the strong and unambiguous intent of Congress, articulated in two opinions of the Supreme Court and reinforced by Congress in its 2004 re-enactment, that the IDEA ensures that *all* children with disabilities receive an education that is both appropriate and free.

The SRO applied an incorrect legal standard with respect to equitable considerations. The SRO interpreted "equitable considerations" to include only whether Plaintiff was cooperative

with the school district – "and equitable considerations support the parent's claim" (SRO Decision at 4). This interpretation is incorrect. In <u>Burlington,</u> the Supreme Court held that equitable considerations "include the parties' compliance or noncompliance with state and federal regulations pending review, the reasonableness of the parties' positions, and like matters."

DOE's failure to re-assess the student's needs and abilities after learning that his current evaluation was inadequate constitutes valid equitable considerations and/or mitigating circumstances when considering whether equities support Plaintiff's entitlement to tuition. Given such circumstances, the SRO erred in denying Plaintiff's request for tuition reimbursement in its entirety.

**POINT II**

**<u>PLAINITFF WAS NOT RELIEVED OF HER FINANCIAL RESPONSIBILITY FOR TUITION PAYMENT WHEN SHE ENTERED INTO THE ENROLLMENT CONTRACT WITH BAY RIDGE</u>**

Plaintiff was not relieved of her financial obligation to pay the student's tuition at Bay Ridge when she entered into the Enrollment Contract. While the Enrollment Contract recognizes that Plaintiff is "dependent upon receiving prospective payment from the New York City Department of Education…" and that Bay Ridge has "assumed the risk" that Plaintiff may not receive **prospective** payment from the DOE or that said payment **will be delayed** beyond the term of the 2005-2006 school year (emphasis added), the Enrollment Contract does not relieve Plaintiff from her basic responsibility to pay the specified cost of the student's tuition. Nowhere in the Enrollment Contract does it state that Bay Ridge cannot seek tuition payment from Plaintiff if she ultimately failed to secure funding from the DOE. In fact, the Enrollment Contract, on its face, recognizes that ultimately the financial obligation remains with Plaintiff as

13

it requires, immediately above the signature block, that "the parent **responsible for payments** must sign" (emphasis added).

## POINT III

## DEFENDANT IS RESPONSIBLE FOR THE TUITION COSTS IRRESPECTIVE OF WHETHER PLAINTIFF WAS RELIEVED OF FINANCIAL OBLIGATIONS

The purpose of the IDEA is "to give handicapped children both an appropriate education and a free one…" Burlington, 471 U.S. at 372. The Supreme Court has further stated that "it should not be interpreted to defeat one or the other of those objectives." Id. Once a court holds that a placement proposed by a school district in an IEP violated the IDEA, the IDEA directs the court "to grant such relief as [it] determines is appropriate" and "the court enjoys 'broad discretion' in doing so." Carter, 510 U.S. at 16 (quoting Burlington, 471 U.S. at 369). The IDEA authorizes a court to order a school district to reimburse a parent for his expenditures on private special education for his child if the court determines that such placement, rather than the proposed IEP, was appropriate under the IDEA. See Id. In addition, a court may also order prospective relief when a parent cannot afford to pay tuition for a placement and without receiving services from the placement the child would not receive an appropriate education. See Connors, 34 F. Supp. 2d at 806.

The Court should order DOE to pay for the student's tuition to Bay Ridge. The purpose of the IDEA is to provide those with special needs an "appropriate" and "free" education. As such, it is well within the court's "broad discretion" to, and the Court should, grant relief in the form of payments for tuition for an private educational facility when the court has found that an IEP has violated the IDEA and the parent's placement at the facility was an appropriate placement, even if the court finds that the parent was relieved of financial obligations in

14

connection with her child's tuition to the facility. Carter, 510 U.S. at 16 (quoting Burlington, 471 U.S. at 369). Without the availability of such relief, a parent without the means to pay for tuition would have no choice but to leave her child in the inappropriate placement recommended in the child's IEP, thus denying the child an appropriate education, as any appropriate placement would refuse to assume any risk of non-payment and instead require the parent to pay tuition she cannot afford. Not providing parents with the relief requested here leaves the parents' hands tied and defeats the objectives of the IDEA to provide a "free" and "appropriate" education.

The IHO did not consider it dispositive whether Bay Ridge assumed any risk in connection with the student's tuition for the 2005-2006 year; rather, the IHO found that Plaintiff had met the Burlington prerequisites, and that an order of direct payment by the DOE to the school was an appropriate and equitable form of relief authorized under the IDEA and the relevant case law[3] (See IHO Decision at 11-12). While the SRO did not explicitly reverse the IHO's holding with respect to direct payment by the DOE to Bay Ridge as an appropriate and available form of relief under the IDEA, the SRO annulled the IHO's order finding that Plaintiff could not assert a claim for relief on behalf of Bay Ridge. The record below is devoid of any evidence suggesting that Plaintiff is asserting her claim for relief on behalf of Bay Ridge rather then her own child.

The SRO erroneously relied on Fourth and Seventh Circuit Courts of Appeals decisions, which are not controlling in the Second Circuit and fully distinguishable from this case. In Emery v. Roanoke City School Board, the plaintiff sought reimbursement for hospital expenses which were paid for through insurance and the Fourth Circuit denied reimbursement because the expenses were already paid for and awarding the plaintiff reimbursement would amount to a

---

[3] For more detailed examination of the relevant case law relied by the IHO, Plainitff respectfully refers this Court to the Memorandum of Law in Support of Respondent's Verivied Answer in Appeal No. 07-032

"windfall." Here, tuition for Bay Ridge has not been paid and any money awarded by the Court for tuition will be paid to Bay Ridge. See Emery, 432 F.3d 294, 299 (4th Cir. 2005).[4] In Malone v. Nielson, the plaintiffs pursued a reimbursement claim on behalf of their deceased child and the Court denied the parents' claim for reimbursement, finding that the proper plaintiff was the child's estate and not the parents. See Nielson, 474 F.3d 934 (7th Cir. 2007). Here, the student is alive and well and the appropriate Plaintiff is his mother. Denying Plaintiff's request for direct tuition payment to Bay Ridge in this case would frustrate the purpose of the IDEA as it would amount to closing the door on a parent who seeks to provide her child with a FAPE when a school district failed to provide one and she cannot afford to pay the costs up front and then seek reimbursement from the school district.

The SRO's personal bias against parents seeking prospective or direct tuition funding is clearly evident in his unreasonable departure from the Application of a Child with a Disability, Appeal No. 06-035, which involved issues identical to those addressed here and which the SRO explicitly refused to recognize the right to prospective tuition payment as provided for in Connors, finding that reimbursement was the only form of relief available under the IDEA. The SRO nevertheless ordered the DOE to reimburse the parent upon presentation of proof of payment of such tuition (Id. at 15-16). In recognition of the SRO's holding in Appeal No. 06-035, Plaintiff had sought application materials from the Hebrew Free Loan Society in anticipation of securing a loan for her son's tuition for the 2005-2006 school year (See Letter from Hebrew Free Loan Society true and accurate copy of which was attached to Respondent's

---

[4] Relying on the decision in Emery, the United States District Court, Southern District of West Virginia, found that a plaintiff, who unilaterally placed her son in a hospital and maintained financial responsibility for expenses but had not paid the hospital and had suffered no monetary loss, could not sue for reimbursement. This decision flies in the face of the Connors decision, a decision from the Northern District of New York, which allows for prospective payments, payments which have not become due and owing, thus of which a plaintiff has not suffered injury due to payment.

16

Answer and Cross-Appeal as an additional exhibit B). According to the application, the Hebrew Free Loan Society provides interest-free loans to parents who either: (a) were awarded tuition reimbursement by an unappealed hearing officer's decision; or (b) entered into a Stipulation of Settlement and Discontinuance with the DOE regarding tuition reimbursement. Plaintiff specifically requested the SRO to order tuition reimbursement if he found that she passed the three-prong test under Burlington.

The SRO refused to even consider Plaintiff's loan application and held that even if he had found that Plaintiff prevailed with respect to the Burlington criteria, he would reverse the IHO's order awarding tuition payment directly to Bay Ridge. The SRO's decision herein must be reversed because it locked Plaintiff in a *catch : 22* situation. The SRO would not recognize Plaintiff's right to seek prospective or direct tuition payment under the appropriate circumstances, and he would not order tuition reimbursement after finding all Burlington prerequisites established by Plaintiff as he has done before.

The SRO erred in finding that Plaintiff and her child were not entitled to relief of tuition payment under the IDEA because they did not incur a financial burden. Nowhere in the IDEA or the relevant case law does it state that financial risk or obligation is a required prerequisite for seeking an appropriate form of relief for violations of the IDEA. It would be of little purpose to impose such illusory obligations upon parents who are clearly unable to pay tuition costs. The SRO's imposition of a new precedent in private school tuition cases under Burlington/Carter and their progeny is a concept foreign to the extensive body of statutory and decisional law that preceded it. The reason is simple – the requirement of financial risk or obligation bears no relationship to the purpose or intent of the IDEA

17

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests the Court to reverse and nullify the findings of the State Review Officer to the extent that he determined that the equitable considerations did not support Plaintiff's claim for tuition payment at Bay Ridge and denied Plainitff's request for tuition on the ground that she incurred no financial burden for the services provided at Bay Ridge. Plaintiff respectfully requests this Court to order the Defendant to pay the costs of Michael Warren's tuition at Bay Ridge Preparatory School in the amount of $26,350.00 and grant such other, further and different relief as this Court deems just and proper.

Dated: Brooklyn, New York
       June 20, 2008

                                            Respectfully submitted,

                                            Tikhomirov & Roytblat, PLLC
                                            By: Anton Papakhin (AP 4680)
                                            Attorneys for Plaintiffs
                                            1400 Avenue Z– Suite 403
                                            Brooklyn, NY  11235
                                            Tel: 718.376.9500 or 917.270.1403
                                            Fax: 718.676.5649