UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

In the Matter of Stephanie Warren, Parent of Disabled Child Michael Warren,

                                       Plaintiff,

-against-

New York City Department of Education,

                                       Defendant.

------------------------------------------------------------------------ x

**DEFENDANT'S LOCAL RULE 56.1 STATEMENT OF UNDISPUTED FACTS**

07 CV 9812 (JGK)

       Pursuant to Rule 56.1 of the Local Rules of this Court, Defendant New York City Department of Education ("Defendant" or "DOE") submits that the following facts are undisputed:

       1.    Plaintiff Stephanie Warren is the parent of Michael Warren ("the Student"). See, e.g., Parent's Exhibit B (Exh. B), submitted to this Court by the Office of State Review on April 11, 2008.[1]

       2.    The Student has been classified as a student with a learning disability and is eligible for special education services under the Individuals with Disabilities Education Act ("IDEA"). See, e.g., Application of the New York City Department of Education, Appeal No. 07-032 ("SRO Decision") at 1.

       3.    The Student attended public school at P.S. 222 from kindergarten through fifth grade. Impartial Hearing Transcript ("Tr.") 18, 30-31.

---

[1] The entire record to date in this matter was submitted to the Court by the Office of State Review on or about April 11, 2008. Thus, all other Exhibits referred to herein, as well as the Impartial Hearing transcript, the Impartial Hearing Officer's decision, and the State Review Officer's Decision, should have been included in that submission.

4. Starting in sixth grade and continuing through the 2005-2006 school year, the Student attended a private school, Bay Ridge Preparatory School ("Bay Ridge"). Tr. 18, 30.

5. The Committee on Special Education ("CSE") met, and an Individualized Education Program ("IEP") for the Student for the 2005-2006 school year was issued, on June 2, 2005. Department of Education's Exhibit 1 ("Exh. 1"); Tr. 23.

6. The June 2, 2005 CSE was composed of Maryellen Carroll, District Representative; Margarita Turkish, School Psychologist; Joan [illegible], School Social Worker; a parent member whose name is indecipherable; Plaintiff; and teachers Greg Wilker and Gary Ojeda from Bay Ridge. Exh. 1; see also IHO's Findings of Fact and Decision dated March 2, 2007 ("IHO Decision") at 5.

7. As a result of that meeting, the CSE proposed placing the Student at James Madison High School ("James Madison"), a public school. The parent was informed of this placement by written notice dated June 8, 2005. Department of Education's Exhibit 6; Tr. 25.

8. Plaintiff testified during the hearing that she informed the CSE at the June 2nd meeting that she considered the proposed placement's 15:1 student to staff ratio to be inappropriate. Tr. 24; see also id. 55.

9. Nothing in the record indicates that Plaintiff informed the CSE on June 2, 2005 that she was rejecting the public school placement proposed by the CSE or that she intended to enroll the Student in a private school at public expense. SRO Decision at 4.

10. By contract dated August 15, 2005 ("the contract"), Plaintiff unilaterally placed the Student at Bay Ridge for the 2005-2006 school year. Exh. B; see also Impartial Hearing Officer's Exhibit I ("Exh. I") at 2.

      11.      The contract that Plaintiff Parent signed with Bay Ridge for the Student's 2005-2006 enrollment stated, in relevant part, as follows:

> 1.      The tuition is the sum of $ 26,000.00 plus a book fee of $350.00 for a total of $26,350.00. [emphasis omitted]
>
> 2.      The Parent acknowledges that, in the event [she has] been offered a public school placement for [her] child, the Parent has chosen to reject said public school placement in favor of placing [her] child in Bay Ridge Preparatory School. Furthermore, the Parent acknowledges that, due to his/her financial status, he/she is dependent upon receiving prospective payment from the New York City Department of Education (the DOE) following an Impartial Hearing in order to make the payment of tuition indicated in item 1.
>
> . . .
>
> 4.      The Parent further acknowledges that the Bay Ridge Preparatory School has assumed the risk that the Parent may not receive prospective payment from the DOE or that said payment will be delayed beyond the term of the 2005-2006 school year. In consideration of Bay Ridge Preparatory's assumption of such a risk, the Parent agrees to cooperate fully in all efforts by his/her attorney and Bay Ridge Preparatory schools [sic] personnel to secure funding from the DOE for his/her child's placement at the Bay Ridge Preparatory School.

Exh. B.

      12.      On September 8, 2005, the Student began classes at Bay Ridge for the 2005-2006 school year. Parent's Exhibit C ("Exh. C").

      13.      Plaintiff first visited James Madison, the CSE's proposed placement, in October of 2005. Tr. 45. By this time, Plaintiff had already signed the contract with Bay Ridge. Id. 59.

14. Plaintiff testified that she rejected the CSE's proposed placement at James Madison after viewing the proposed placement in October of 2005, more than one month after the 2005-2006 school year had begun and approximately two months after signing the contract with Bay Ridge. Id. 54. She testified that she rejected the placement by informing her advocate of her rejection in mid-October 2005. Id. 54.

15. Plaintiff testified that neither she nor her advocate contacted the CSE at that time, or at any time in the future, to inform them that she rejected its placement and that she intended to seek tuition costs. Id. 54-56.

16. The first and only written notice in the record that Plaintiff sent to Defendant regarding Plaintiff's unilateral placement of the Student was contained in the January 12, 2006 due process complaint, in which Plaintiff's advocate, by letter to the DOE's Impartial Hearing Office, notified the DOE that Plaintiff had re-enrolled the student at Bay Ridge for the 2005-2006 school year and would be seeking tuition costs. Exh. I; SRO Decision at 4.

17. The due process complaint came approximately four months after the start of the school year in question. See Exh. C; see also SRO Decision at 4. Plaintiff's due process complaint only requested as a remedy that the DOE "directly pay her son's tuition." See generally Exh. I.

18. Pursuant to Plaintiff's due process complaint, an impartial hearing in this matter was held on July 19, 2006, September 14, 2006, and December 19, 2006. See generally Tr.

19. The Impartial Hearing Officer ("IHO") issued his Findings of Fact and Decision on March 2, 2007. IHO Decision at 12.

-5-

20. In his Findings of Fact and Decision, the IHO granted Plaintiff's request for tuition reimbursement. Id. at 6, 8.

21. The IHO noted that, because of the contract signed by Plaintiff and Bay Ridge, the case "does not appear to be a reimbursement case at all," and noted this fact as a "concern." Id. at 8. However, the IHO ultimately held in favor of Plaintiff. Id. at 11.

22. DOE appealed the decision of the IHO, and on appeal, the State Review Officer ("SRO") reversed the IHO's Decision and found in favor of Defendant. SRO Decision at 4, 6.

23. The SRO found that the equities precluded an award of tuition costs to Plaintiff because Plaintiff failed to giver proper notice under the IDEA that she was rejecting the DOE's proposed placement and was seeking to enroll the Student in a private placement at public expense. Id. at 4.

24. The SRO also found in the alternative that, because the contract between Plaintiff and Bay Ridge plainly stated that Plaintiff depended upon the DOE for tuition payment and that Bay Ridge assumed the risk of non-payment by the DOE, Plaintiff cannot assert a claim for tuition that she is under no obligation to pay. Id. at 5-6.

25. The SRO stated that Plaintiff "cannot assert a claim for relief on behalf of Bay Ridge, a private entity that lacks standing under the IDEA to maintain a claim against [DOE] in its own right." Id. at 6.

Dated: New York, New York
June 20, 2008

          MICHAEL A. CARDOZO
          Corporation Counsel of the
           City of New York
          Attorney for Defendant
          100 Church Street, Room 2-305
          New York, New York 10007
          (212) 788-8316

By:            s/
          David A. Rosinus, Jr. (DR 2311)
          Assistant Corporation Counsel

To:    Anton Papakhin (via ECF)
        Attorney for Plaintiff
        1359 Coney Island Avenue
        Brooklyn, New York 11230
        Tel.: (917) 270-1403
        Fax: (718) 252-2216

cc:    Timothy M. Mahoney (via ECF)
        Law Office of Timothy Mahoney
        P.O. Box 6451
        Astoria, New York 11106
        Tel.: (646) 522-8520
        Fax: (718) 204-7564