UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In The Matter of Stephanie Warren, Parent of
Disabled Child, Michael Warren,

              Plaintiff,

        - against -

New York City Department of Education,

             Defendant.

07 CV 9812 (JGK)

ECF Case

**DECLARATION OF
ELIZABETH PABEY**

STATE OF NEW YORK   )
                      ) ss.:
COUNTY OF NEW YORK  )

      ELIZABETH PABEY, hereby declares the following to be true and correct under

the penalties of perjury:

      1.      I am the custodial parent of my son, Branden G., who is nine years old and

in the third grade at the Rebecca School, a private school for children with autism.

      2.      When Branden was two years old, he was diagnosed with autism.  From

age two to three, he received home-based services through the Early Intervention Program.

      3.      At age four, Branden attended a preschool called the Association in

Manhattan for Autistic Children ("AMAC").

      4.      For Branden's kindergarten year, the Department removed him from

AMAC and placed him at PS 226, a public school program in Manhattan for children with

autism. In the first grade, the Department transferred Branden to another school in Harlem where

his teachers appeared to know very little about autism and were unable to reach Branden. The

teachers did not use any of the methods that worked with Branden when he was in kindergarten,

like PECS ("picture exchange communications system") or programs to help Branden socialize. That year he did not receive any occupational therapy that his IEP required that he receive. When I observed his classroom, Branden was always in the corner, and the teachers did not help to draw him back into the class or help him refocus. The teachers did not know what to do with Branden or how to help him. In fact, they asked me for advice that I did not have. By the end of that school year, Branden had regressed. His repetitive behavior ("stimming") increased. The only progress I observed of Branden was in the areas of academics that I worked on with him at home.

5.      For second grade, the Department offered a few placements that were similarly inadequate to help Branden.   I then went to an open house at the Rebecca School and learned that their program would work for Branden. After a comprehensive intake, they accepted Branden.

6.      I then filed for an administrative hearing seeking tuition payment so Branden could attend second grade at the Rebecca School.

7.      In October 2006, the Rebecca School admitted Branden and allowed him to start in their program even though I could not pay and the administrative hearing was still going on. Our case was settled in October 2006 when I signed a stipulation in which the Department agreed to pay the tuition costs for Branden to attend the Rebecca School for the 2006-2007 school year. Payment was made directly to the school; I was not asked to pay the tuition first and then receive reimbursement

8.      During that year Branden made very good progress and, basically, Branden took off. He developed verbal communication skills and began to try new things that he had always resisted, such as drinking out of a straw. He stopped needing pampers at night. He

even began understanding gender differences. He was able to go outside and transition between places and activities without breaking down, and he was able to control his repetitive behaviors with little redirection.

9.    At the end of his first school year at the Rebecca School (2006-2007), the Department denied us tuition for another year at the Rebecca School and, instead, offered Branden a public school placement at PS 15 for the following school year. It was not at all appropriate for Branden.

10.    With no choice, I filed again for an administrative hearing to get tuition funding for Branden to attend the Rebecca School for the 2007-2008 school year.

11.    That fall, without an appropriate placement, Branden was at home with a home instructor, which the Department provided. He became extremely frustrated, unmanageable, and his behaviors rapidly regressed.  When the instructor came, Branden's behavior had regressed to the point that we could not get him to leave his bedroom. We literally had to drag him out of his bedroom and into the living room where he could interact with the teacher. He covered his ears and just screamed for very long periods of time. His screaming episodes became longer and longer every day. He really went backwards during that time.

12.    Later that fall, the Rebecca School took him back, again, without payment from me or the Department, while we awaited the results of the administrative hearing. When Branden returned to Rebecca, he had a lot of difficulty adjusting to the school and exhibited severe behavioral problems. Finally, after about two weeks of a lot of work and attention, he began once again to adapt to the environment at the Rebecca School.

13.    The administrative proceeding resulted in another settlement agreement, which I signed in December 2007 and in which the Department agreed to pay for Branden's

tuition at the Rebecca School that school year.  As in the previous year, payment was made directly to the school.

14.    Now, in May 2008, Branden's behavior has greatly improved. He is continuing to learn to try new things he has always been afraid to try. For example, now he gets on escalators, which had always terrified him. He is learning how to control his body and how to balance himself and feel comfortable in his environment. His balance has been so off that he has often fallen off of chairs. He is learning how to be more stable. For the first time, he has made friends. He is now eating three different types of food all together - - the first time ever. He is really coming out of himself and connecting to others.

15.    Without the Impartial Hearing process, and the settlements reached in which the Department paid Branden's tuition directly to the school, Braden would have had no meaningful education for the pat two school years.

Dated:  Manhattan,  New York
        May 30,  2008

_____
Elizabeth Pabey