UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

In the Matter of Stephanie Warren, Parent of Disabled
Child Michael Warren,

                                                            Plaintiff,

            -against-

New York City Department of Education,

                                                            Defendant.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS**

07 CV 9812 (JGK)

------------------------------------------------------------------------ x

        Pursuant to Rule 56.1 of the Local Civil Rules of this Court, Defendant's response to Plaintiff's Statement of Material Facts Pursuant to Local Rule 56.1 ("Plaintiff's Statement") is set forth below:

        1. In response to paragraph "1" of Plaintiff's Statement, Defendant denies the assertion that Defendant is "responsible for identifying all disabled children of school age in the district and providing them with a free and appropriate public education," and respectfully refers the Court to the relevant law, including the provision cited by Plaintiff, for a complete and accurate statement of the responsibilities of the New York City Department of Education ("Defendant" or "DOE"), and admits the remainder of the facts set forth in paragraph "1" of Plaintiff's Statement.

        2. In response to paragraph "2" of Plaintiff's Statement, Defendant denies the assertions as set forth therein, except admits that Michael Warren ("the Student") was a tenth grade student in the Bridge Program of Bay Ridge Preparatory School ("Bay Ridge") during the 2005-2006 school year.

3. In response to paragraph "3" of Plaintiff's Statement, Defendant denies the assertions as set forth therein, except admits that the Student attended New York City Public School No. 222 from kindergarten through fifth grade and that he was classified as learning disabled and received services in a special education class there.

4. Defendant does not have sufficient information concerning the truth of the assertions set forth in paragraph "4" of Plaintiff's Statement, except admit that the Student was held back in first grade and was subsequently promoted in successive grades through the fifth grade. Impartial Hearing Transcript ("Tr.") 30-31.

5. In response to paragraph "5" of Plaintiff's Statement, Defendant denies the assertions as set forth therein.

6. In response to paragraph "6" of Plaintiff's Statement, Defendant denies the assertions as set forth therein, except admits that Plaintiff rejected Defendant's proposed sixth grade placement for the Student and unilaterally enrolled the Student at Bay Ridge. E.g., Tr. 30.

7. Defendant admits the facts set forth in paragraph "7" of Plaintiff's Statement.

8. Defendant admits the facts set forth in paragraph "8" of Plaintiff's Statement.

9. Defendant does not have sufficient information concerning the truth of the assertions set forth in paragraph "9" of Plaintiff's Statement, except admits that Plaintiff requested Defendant to subsidize the Student's attendance at Bay Ridge during the 2001-2002 school year.

10. In response to paragraph "10" of Plaintiff's Statement, Defendant denies the assertions as set forth therein, except admits that Defendant subsidized the Student's attendance at Bay Ridge during the 2001-2002 school year.

11. Defendant admits the facts set forth in paragraph "11" of Plaintiff's Statement.

12. In response to paragraph "12" of Plaintiff's Statement, Defendant denies the assertions as set forth therein, except admits that Plaintiff challenged Defendant's proposed placements for the 2002-2003, 2003-2004, and 2004-2005 school years and sought to have Defendant subsidize the Student's attendance at Bay Ridge for those years.

13. In response to paragraph "13" of Plaintiff's Statement, Defendant denies the assertions as set forth therein, except admits that Defendant agreed to subsidize the Student's attendance at Bay Ridge during the 2002-2003, 2003-2004, and 2004-2005 school years.

14. Defendant admits the facts set forth in paragraph "14" of Plaintiff's Statement.

15. In response to paragraph "15" of Plaintiff's Statement, Defendant denies the assertions as set forth therein, and respectfully refers the Court to the Student's July 2, 2005 individualized education plan ("IEP") for a complete and accurate statement of its contents. See Department of Education's Exhibit 1.

16. In response to paragraph "16" of Plaintiff's Statement, Defendant denies the assertions as set forth therein, except admits that Plaintiff purports to proceed as set forth therein.

17. Defendant admits the facts set forth in paragraph "17" of Plaintiff's Statement, insofar as the assertions in that paragraph accurately reflect Plaintiff's testimony.

18. In response to paragraph "18" of Plaintiff's Statement, Defendant denies the assertions as set forth therein, except admits that Plaintiff and Bay Ridge disagreed with the CSE regarding the psycho-educational evaluation.

19. In response to paragraph "19" of Plaintiff's Statement, Defendant denies the assertions as set forth therein, and respectfully refers the Court to the IHO Decision for a complete and accurate statement of its contents.

20. In response to paragraph "20" of Plaintiff's Statement, Defendant denies the assertions as set forth therein to the extent that it implies that the CSE ignored the Student's current needs when fashioning his 2005-2006 IEP, except admits that the Defendant's Committee on Special Education ("CSE") recommended placement in a special education class with a 15:1 student to teacher ratio for the 2005-2006 school year.

21. Defendant admits the facts set forth in paragraph "21" of Plaintiff's Statement.

22. Defendant admits the facts set forth in paragraph "22" of Plaintiff's Statement, but respectfully avers that Plaintiff did not visit James Madison High School ("James Madison") until October of 2005, well after the start of the school year for which the placement had been proposed and after Plaintiff had signed an enrollment contract with Bay Ridge.  Tr. 26; id. 58-59.

23. In response to paragraph "23" of Plaintiff's Statement, Defendant denies the assertions as set forth therein, except admits that Defendant continued to recommend a 15:1 public school placement for the Student for the 2006-2007 and 2007-2008 school years, and respectfully notes that Plaintiff gives no citation to the record for the proposition that Defendant has not offered to reevaluate the Student and that the record is void of any request by Plaintiff to Defendant to reevaluate the Student or of any legal requirement obligating Defendant to conduct re-evaluations of students in this situation.

24. In response to paragraph "24" of Plaintiff's Statement, Defendant denies the assertions as set forth therein, and respectfully refers the Court to the 2005-2006 enrollment contract between Plaintiff and Bay Ridge for a complete and accurate statement of its contents. See Parent's Exhibit B ("Exh. B").

25. Defendant admits the facts set forth in paragraph "25" of Plaintiff's Statement.

26. Defendant does not have sufficient information concerning the truth of the assertions set forth in paragraph "26," except admits that Plaintiff visited, observed, and discussed the proposed placement at James Madison with a special education coordinator in October of 2005. Tr. 26.

27. In response to paragraph "27" of Plaintiff's Statement, Defendant denies the assertions as set forth therein, and respectfully refers the Court to Plaintiff's impartial hearing request dated January 12, 2006 for a complete and accurate statement of its contents. See Impartial Hearing Officer's Exhibit I.

28. In response to paragraph "28" of Plaintiff's Statement, Defendant denies the assertions as set forth therein, except admits that Defendant did not hold a CSE meeting after receiving Plaintiff's January 2006 due process request regarding the 2005-2006 school year or offer additional services or accommodations to the Student for that year when he was already enrolled in and attending Bay Ridge. See, e.g., Exh. C.

29. Defendant admits the facts set forth in paragraph "29" of Plaintiff's Statement.

30. In response to paragraph "30" of Plaintiff's Statement, Defendant denies the assertions as set forth therein, and respectfully refers the Court to the IHO Decision for a complete and accurate statement of its contents.

31. In response to paragraph "31" of Plaintiff's Statement, Defendant denies the assertions as set forth therein, and respectfully refers the Court to the IHO Decision for a complete and accurate statement of its contents.

32. In response to paragraph "32" of Plaintiff's Statement, Defendant denies the assertions as set forth therein, except admits that the Student had already successfully completed his tenth grade year at the time of the impartial hearing. See Exh. C.

33. In response to paragraph "33" of Plaintiff's Statement, Defendant denies the assertions as set forth therein, and respectfully refers the Court to the IHO Decision for a complete and accurate statement of its contents.

34. In response to paragraph "34" of Plaintiff's Statement, Defendant denies the assertions as set forth therein, and respectfully refers the Court to the IHO Decision for a complete and accurate statement of its contents and to the judicial opinions cited therein for a complete and accurate statement of their contents and legal import.

35. In response to paragraph "35" of Plaintiff's Statement, Defendant denies the assertions as set forth therein, and respectfully refers the Court to the IHO Decision for a complete and accurate statement of its contents.

36. In response to paragraph "36" of Plaintiff's Statement, Defendant denies the assertions as set forth therein, and respectfully refers the Court to the IHO Decision for a complete and accurate statement of its contents.

37. In response to paragraph "37" of Plaintiff's Statement, Defendant denies the assertions as set forth therein, and respectfully refers the Court to the Defendant's Verified Petition for a complete and accurate statement of its contents.

38. In response to paragraph "38" of Plaintiff's Statement, Defendant denies the assertions as set forth therein, and respectfully refers the Court to the Defendant's Verified Petition for a complete and accurate statement of its contents.

39. In response to paragraph "39" of Plaintiff's Statement, Defendant denies the assertions as set forth therein, and respectfully refers the Court to the Defendant's Verified Petition for a complete and accurate statement of its contents.

40. In response to paragraph "40" of Plaintiff's Statement, Defendant denies the assertions as set forth therein, and respectfully refers the Court to the Defendant's Verified Petition for a complete and accurate statement of its contents.

41. In response to paragraph "41" of Plaintiff's Statement, Defendant respectfully asserts that the assertions contained in that paragraph are not a statement of admissible, material fact, but to the extent that a response from Defendant is warranted, Defendant denies the assertions as set forth therein, and respectfully refers the Court to the documents cited therein for a complete and accurate statement of their contents.

42. In response to paragraph "42" of Plaintiff's Statement, Defendant denies the assertions as set forth therein, and respectfully refers the Court to the documents cited therein for a complete and accurate statement of their contents.

43. In response to paragraph "43" of Plaintiff's Statement, Defendant denies the assertions as set forth therein, and respectfully refers the Court to the documents cited therein for a complete and accurate statement of their contents.

44. In response to paragraph "44" of Plaintiff's Statement, Defendant denies the assertions as set forth therein, and respectfully refers the Court to the 2005-2006 enrollment contract between Plaintiff and Bay Ridge for a complete and accurate statement of its contents. See Exh. B.

45. In response to paragraph "45" of Plaintiff's Statement, Defendant denies the assertions as set forth therein, and respectfully refers the Court to Application of the New York City Department of Education, Appeal No. 07-032 (the "SRO Decision") for a complete and accurate statement of its contents.

46. In response to paragraph "46" of Plaintiff's Statement, Defendant denies the assertions as set forth therein, and respectfully refers the Court to the SRO Decision for a complete and accurate statement of its contents.

47. In response to paragraph "47" of Plaintiff's Statement, Defendant denies the assertions as set forth therein, and respectfully refers the Court to the SRO Decision for a complete and accurate statement of its contents.

48. In response to paragraph "48" of Plaintiff's Statement, Defendant denies the assertions as set forth therein, and respectfully refers the Court to the SRO Decision for a complete and accurate statement of its contents.

49. In response to paragraph "49" of Plaintiff's Statement, Defendant denies the assertions as set forth therein, and respectfully refers the Court to the SRO Decision for a complete and accurate statement of its contents.

50. In response to paragraph "50" of Plaintiff's Statement, Defendant denies the assertions as set forth therein, and respectfully refers the Court to the SRO Decision for a complete and accurate statement of its contents.

51. In response to paragraph "51" of Plaintiff's Statement, Defendant denies the assertions as set forth therein, except admits that an annual CSE meeting was held for the Student on July 27, 2006, and that the CSE classified the Student as learning disabled and recommended a special education class in a community school with a 15:1 student to teacher ratio for the 2006-2007 school year.

52. In response to paragraph "52" of Plaintiff's Statement, Defendant denies the assertions as set forth therein, except admits that Plaintiff re-enrolled the Student at Bay Ridge

for the 2006-2007 school year, and respectfully refers the Court to the 2006-2007 enrollment contract for a complete and accurate statement of its contents. See Warren Aff. 10.

53. In response to paragraph "53" of Plaintiff's Statement, Defendant denies the assertions as set forth therein, except admits that Plaintiff, through her lay advocated, filed a due process complaint on May 17, 2007 in which she sought tuition payment for the Student's attendance at Bay Ridge for the 2006-2007 school year.

54. In response to paragraph "54" of Plaintiff's Statement, Defendant denies the assertions as set forth therein, except admits that Defendant settled Plaintiff's claim for tuition for the 2006-2007 school year and subsidized tuition costs for that year.

55. Defendant admits the facts set forth in paragraph "55" of Plaintiff's Statement.

Dated: New York, New York
August 11, 2008

    MICHAEL A. CARDOZO
    Corporation Counsel of the
     City of New York
    Attorney for Defendant
    100 Church Street, Room 2-305
    New York, New York 10007
    (212) 788-8316

By:     /s
    David A. Rosinus, Jr. (DR 2311)
    Assistant Corporation Counsel

To:    Anton Papakhin (by ECF)
       Attorney for Plaintiff
       1359 Coney Island Avenue
       Brooklyn, New York 11230
       Tel.: (917) 270-1403
       Fax: (718) 252-2216

cc:  Timothy M. Mahoney (by ECF)
     Law Office of Timothy Mahoney
     P.O. Box 6451
     Astoria, New York 11106
     Tel.: (646) 522-8520
     Fax: (718) 204-7564

     Advocates for Children of New York (by ECF)
     151 West 30th Street, 5th Floor
     New York, New York 10001
     Tel.: (212) 947-9779

     Partnership for Children's Rights (by ECF)
     271 Madison Avenue, 17th Floor
     New York, New York 10016
     Tel.: (212) 683-7999

     New York Legal Assistance Group (by ECF)
     450 West 33rd Street, 11th Floor
     New York, New York 10001
     Tel.: (212) 613-5040