UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

In the Matter of Stephanie Warren, Parent of Disabled
Child Michael Warren,

                                          07 CV 9812 (JGK)

                              Plaintiff,

                -against-

New York City Department of Education,

                              Defendant.

------------------------------------------------------------------------ x

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT**

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
David A. Rosinus, Jr.
Attorney for Defendant
100 Church Street, Room 2-305
New York, New York 10007
(212) 788-8316

## **TABLE OF CONTENTS**

**PAGE**

PRELIMINARY STATEMENT ....................................................................................... 1

    POINT I ................................................................................................................. 2
        PLAINTIFF LACKS STANDING TO BRING A CLAIM FOR TUITION COSTS IN FEDERAL COURT

    POINT II ................................................................................................................ 3
        DEFENDANT ADEQUATELY RAISED THE NOTICE REQUIREMENT BEFORE THE SRO

    POINT III .............................................................................................................. 4
        DEFENDANT SHOULD PREVAIL BECAUSE THE EQUITIES WEIGH AGAINST PLAINTIFF'S CLAIM

    POINT IV ............................................................................................................. 6
        A FINDING AGAINST PLAINTIFF WOULD NOT AFFECT LOW-INCOME PARENTS WHO MEET THE BURLINGTON CRITERIA

CONCLUSION ................................................................................................................ 9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

In the Matter of Stephanie Warren, Parent of Disabled
Child Michael Warren,

                 07 CV 9812 (JGK)

          Plaintiff,

    -against-

New York City Department of Education,

          Defendant.

------------------------------------------------------------------------ x

## DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

### PRELIMINARY STATEMENT

Plaintiff, the parent of disabled child Michael Warren ("the Student"), brings this action under the Individuals with Disabilities Education Act ("IDEA"). Plaintiff seeks to overturn the ruling of the State Review Officer ("SRO") in this matter, which denied Plaintiff's claim for the cost of tuition at Bay Ridge Preparatory School ("Bay Ridge") for the 2005-06 school year. Plaintiff argues that the plain language of the enrollment contract at issue obligated Plaintiff to pay tuition if she did not receive it from Defendant New York City Department of Education ("Defendant" or "the DOE"). Plaintiff further argues that Defendant did not adequately raise the notice requirement issue before the SRO, and that direct payment to Bay Ridge should be available to Plaintiff.

However, the plain language of the enrollment contract actually relieves Plaintiff of any obligation to pay tuition; Plaintiff fails to provide any legal standard from any source to support her argument that Defendant did not properly raise the notice requirement issue at the

SRO level; and this case is factually distinguishable from Connors in certain salient respects that render direct payment unavailable. Moreover, Plaintiff does not even dispute Defendant's substantive arguments that Plaintiff does not prevail on the equities prong of the Burlington/Carter test because she failed to provide proper notice to the DOE or to cooperate with the DOE in its efforts to provide the Student with a FAPE. Thus, the SRO properly found in favor of Defendant, and Defendant's Motion for Summary Judgment should be granted.

## POINT I

### PLAINTIFF LACKS STANDING TO BRING A CLAIM FOR TUITION COSTS IN FEDERAL COURT

Relying on the signature block, out-of-context language, and her own understanding, Plaintiff continues to assert that both the Impartial Hearing Officer ("IHO") and the SRO were incorrect in their holding that the enrollment contract ("the contract") at issue here relieves her of any financial obligation to pay tuition. Plaintiff's Opposition ("Pl.'s Opp.") Point I.[1] Such creative contractual interpretation is without merit, because, as the IHO and SRO determined, the plain language of the contract does relieve Plaintiff of any such obligation. IHO Decision at 10; SRO Decision at 6.

Defendant has already addressed the signature block issue and analyzed the contract's plain language at length. See Defendant's Opposition ("Def.'s Opp.") 3-4; Defendant's Memorandum of Law in Support of Its Motion for Summary Judgment ("Def.'s Memo.") Point I. Yet Plaintiff continues to make a conclusory argument by emphasizing certain terms from paragraph 4 of the contract in bold and then, without further analysis, merely stating

---

[1] The document to which this citation refers is labeled "Plaintiff's Reply to Defendant's Opposition and Cross-Motion for Summary Judgment." However, the document was submitted in response to Defendant's Memorandum of Law in support of its motion for summary judgment, and was submitted on the date scheduled for submissions of Opposition papers in this case. Thus, the document is in fact an Opposition, and Defendant will refer to it as such in the text and citations of this Reply brief.

that the contract does not relieve Plaintiff of her responsibility to pay tuition. Plaintiff's Opposition neglects even to mention paragraph 2 of the Contract or Defendant's argument that paragraph 2 of the contract, when read in conjunction with paragraph 4, unambiguously relieves Plaintiff of any obligation to pay tuition. Id.; see also 2005-06 Enrollment Contract, Parent's Exhibit B ("Contract, Exh. B") ¶¶ 2, 4. The plain language of the contract yields Defendant's interpretation, and Plaintiff's conclusory argument is unavailing.

Because Plaintiff owes no tuition money under the contract, she lacks standing to bring an action seeking that money in federal court.[2] Thus, this case should be dismissed.[3]

## POINT II

### DEFENDANT ADEQUATELY RAISED THE NOTICE REQUIREMENT BEFORE THE SRO

In Plaintiff's Opposition, she asserts that the fact that she did not comply with the notice requirement codified in 20 U.S.C. § 1412(a)(10)(C)(iii) should not be considered by this Court. Pl.'s Opp. Point III. Specifically, Plaintiff argues that Defendant has waived such argument, since the DOE did not adequately raise the notice requirement before the SRO. Id. Plaintiff's argument that the SRO's holding concerning the failure to comply with the notice requirement was made sua sponte is without merit.

Notably, Plaintiff concedes that Defendant did in fact raise the issue of Plaintiff's failure to provide the required notice in its Verified Petition to the SRO. Id. (arguing only that

---

[2] To the extent that Plaintiff is asserting that she has standing to bring a claim simply because Defendant allegedly failed to provide the Student with a FAPE, such argument is without merit. Standing not only requires an actual injury (which there is not here), but also requires that the requested relief redress such alleged injury. Jenkins v. United States, 386 F.3d 415, 417 (2d Cir. 2004) ("[A] plaintiff must [] allege, and ultimately prove, that he has suffered an injury-in-fact . . . which is likely to be redressed by the requested relief.") (emphasis in original). Here, even if Plaintiff had shown an injury in fact under the IDEA, any alleged injury has already been redressed by Bay Ridge when it provided the Student with an education for the year in question at no cost to Plaintiff. Awarding Plaintiff with tuition money she does not owe will not redress her purported injury.

[3] Moreover, as discussed in Def.'s Memo. Point II, Plaintiff fails to state a claim for tuition costs under the IDEA because she owes no money to Bay Ridge. It is common sense that, if a party is not in any debt, it cannot bring a claim seeking to have that debt paid off. Thus, even if this Court determines that Plaintiff has standing to bring this action (which it should not), it should dismiss Plaintiff's Complaint for failure to state a claim.

Defendant did not "properly raise[]" the notice requirement argument below) (emphasis added). Indeed, in its Verified Petition, the DOE argued with respect to equitable considerations that the IDEA allows tuition reimbursement to be "reduced or denied when parents fail to raise the appropriateness of an IEP in a timely manner, fail to make their child available for evaluation by the district, or upon a finding of unreasonableness with respect to the actions taken by the parents." Defendant's Verified Petition ¶ 72 (emphasis added). Now, in an attempt to avoid addressing an issue that seriously damages Plaintiff's case, Plaintiff argues, in a wholly conclusory manner, that such pleading is insufficient as a matter of law, and that Defendant therefore waived its argument that Plaintiff failed to comply with the explicit notice requirements set forth in the IDEA. However, Plaintiff cites no authority to support this assertion and states no standard that governs adequacy in this context, so she has not provided the Court with any legal framework to use to assess her argument. Plaintiff's conclusory argument should thus be discounted.

## POINT III

**DEFENDANT SHOULD PREVAIL BECAUSE THE EQUITIES WEIGH AGAINST PLAINTIFF'S CLAIM**

Plaintiff does not even bother to argue the merits of the equities prong or address Defendant's substantive arguments on that prong that it made in its Memorandum of Law. See Def.'s Memo. Point III.

First, Plaintiff does not argue the merits of the notice requirement issue in her Opposition. As argued in Defendant's Memorandum, although Plaintiff testified that she informed the CSE at the June 2nd meeting that she felt that a 15:1 student to teacher ratio was inappropriate, that statement alone does not constitute adequate notice without also explicitly rejecting the proposed placement and informing the CSE of her intent to enroll the Student in a

4

private school at public expense. See 20 U.S.C. § 1412(a)(10)(c)(iii)(I)(aa); see also SRO Decision at 4. Before Defendant should be obligated to pay for a private placement, it should be given a fair opportunity to provide a FAPE through a public placement. Because Plaintiff failed to provide the required notice, Defendant did not get that opportunity. See, e.g., Greenland Sch. Dist. v. Amy N., 358 F.3d 150, 161 (1st Cir. 2004) ("The purpose of the notice requirement is to give public school districts the opportunity to provide FAPE before a child leaves public school and enrolls in private school.").

Second, Plaintiff does not respond to Defendant's argument that, upon a review of this case's facts, it is clear that Plaintiff failed to cooperate with Defendant's efforts to provide FAPE. Def.'s Memo. 15-17. Plaintiff signed a contract with Bay Ridge on August 15, 2005 that obligated her child to attend Bay Ridge, and that obligated her to reject any placement proposed by Defendant, even though she would not view Defendant's proposed placement until October of 2005, approximately two months later. See Contract, Exh. B ¶ 2; Impartial Hearing Transcript ("Tr.") 45; id. 57-59. Defendant unambiguously raised this argument before the SRO. See Defendant's Verified Petition ("Def.'s V. Pet.") ¶¶ 73, 76-77.

As discussed in Defendant's previous briefs, see Def.'s Memo. 15-16, id. 19, Def.'s Opp. Point IV sub point B, as well as in its Verified Petition to the SRO, Def.'s V. Pet. ¶ 74, Plaintiff's conduct evinced an utter unwillingness to cooperate with Defendant and accept a public school placement. Instead, she was trying to cooperate with the process just enough so that she could get Defendant to pay the Student's tuition at Bay Ridge. By doing so, she forfeited any right she might otherwise have had to be awarded tuition costs. See, e.g., Bettinger v. New York City Bd. of Educ., 2007 U.S. Dist. LEXIS 86116, at *26 (S.D.N.Y. Nov. 20, 2007). Plaintiff's failure to cooperate with Defendant, in other words, adequately supports the SRO's

5

finding against Plaintiff on the equities prong, regardless of the notice requirement issue discussed supra Point II.  Id. at *27 (holding that, when parental cooperation ceased after an IEP was formed, the parents failed to satisfies the equities prong and were not entitled to reimbursement); 20 U.S.C. § 1412(a)(10)(c)(iii)(III) (reimbursement "may be reduced or denied . . . upon a judicial finding of unreasonableness with respect to actions taken by the parents").  As with her failure to provide notice, by failing to cooperate with the DOE in its efforts to provide FAPE, Plaintiff prevented Defendant from having a fair opportunity to remedy any purported inadequacies with its proposed placement.

Thus, even if this Court finds that Plaintiff has standing to pursue a valid IDEA claim (which it should not), Plaintiff's claim for tuition costs still fails because the equities favor Defendant.

## POINT IV

### A FINDING AGAINST PLAINTIFF WOULD NOT AFFECT LOW-INCOME PARENTS WHO MEET THE BURLINGTON CRITERIA

The Amicus organizations' responding brief argues that Defendant's interpretation of Connors v. Mills would make direct tuition payment unavailable to low-income parents who were able to place their children in unilateral placements during the pendency of IDEA proceedings.  Amicus Responding Brief 2.[4]  However, as that brief itself notes, Connors requires that a parent make a showing of financial need in order to qualify for direct payment.  Id. (citing Connors v. Mills, 34 F. Supp. 2d 795, 805-06 (N.D.N.Y. 1998)).  Plaintiff did not assert that she was unable to pay Bay Ridge's tuition in her due process complaint, see IHO

---

[4] Plaintiff also argues that direct payment under Connors should be available in this case.  Pl.'s Opp. Point II.  However, because the Amicus organizations make the argument in more depth, Defendant will address their articulation of the argument.  The distinctions discussed infra demonstrate that Plaintiff's argument must fail, as well.

6

Exhibit I, so she is unable to raise the issue here. See Def.'s Opp. 10 n.5; id. 11 n.6. Thus, she cannot attempt to make such a showing in this Court.

Moreover, she did not even adduce admissible evidence that could establish financial need beyond (at best) several conclusory statements in her testimony. Tr. 29; id. 56-59. The IHO stated that, "[i]nasmuch as [Plaintiff] has established in this proceeding her inability to pay tuition to Bay Ridge . . . and confirmed that inability in the Contract she signed with that School," he will not require Plaintiff to pay tuition before she receives tuition costs from Defendant. IHO Decision at 12.[5] But Plaintiff's testimony on its own, without any supporting documentary evidence, is not adequate to support a prima facie showing of financial need. Nor does the contract between Plaintiff and Bay Ridge yield probative evidence of Plaintiff's financial need, since Bay Ridge is not a court or other tribunal whose regular duties involve fact-finding of this nature.

In fact, Plaintiff's testimony is at least ambiguous as to Plaintiff's financial need. She states that, had she decided that the DOE's placement was appropriate partway through the 2005-06 school year, she would have "made arrangements with Bay Ridge Prep to pay up until the date" that the Student transferred to public school. Tr. 59.[6] She notes that Bay Ridge had "worked with [her] in the past on a weekly basis." Id. From this testimony, it appears that Plaintiff was quite capable of paying at least part of the Student's tuition at Bay Ridge. So the scant evidence that Plaintiff adduced to show her purported financial need, which in any event would not be enough to make a prima facie showing if it were unambiguous, is very ambiguous

---

[5] As an initial matter, the IHO's holding on the issue of financial need was improper because, as discussed supra, Plaintiff did not raise the issue in her due process complaint.
[6] Transferring the Student to a public placement partway through the school year would, of course, have violated the terms of Plaintiff's contract with Bay Ridge. See Contract, Exh. B ¶ 2.

7

to boot. As a result, no decision here will affect the rights of parents who do make a showing of financial need.

Moreover, the Amicus organizations have failed to account for Defendant's primary argument throughout these proceedings, namely, that Plaintiff does not owe any tuition under the enrollment contract with Bay Ridge. See supra Point I. If the Court finds for Defendant on this contractual issue, and Plaintiff's child has received a Bay Ridge education for the school year in question at no cost to Plaintiff, then the Amicus organizations' concerns about low-income families who cannot afford to place their children unilaterally are manifestly irrelevant to this case. Neither Connors nor any other case requires a school district to pay tuition for a parent who does not owe it.

Also, Connors would only allow for direct payment when, inter alia, a parent has already met the three Burlington prongs. Connors, 34 F. Supp. 2d at 805-06. As Defendant has argued extensively, see, e.g., Def.'s Memo. Point III, the SRO properly held that Plaintiff should not prevail on the equities prong. Thus, this case is distinguishable from the scenario with which the Amicus organizations are concerned in that regard, as well.

Because the facts of this case are completely distinguishable from a scenario involving low-income parents who have met the Burlington criteria, the concerns of Plaintiff and of the Amicus organizations for such parents are not relevant.

**CONCLUSION**

Based on the foregoing and upon all papers previously submitted, Defendant respectfully requests that its Motion for Summary Judgment be granted, that Plaintiff's Motion for Summary Judgment be denied in its entirety, and that the Court grant Defendant such other and further relief as the Court deems just and proper.

Dated:     New York, New York
           August 25, 2008

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                               City of New York
                              Attorney for Defendant
                              100 Church Street, Room 2-305
                              New York, New York  10007
                              (212) 788-8316

                              By:            s/
                                 David A. Rosinus, Jr. (DR 2311)
                                 Assistant Corporation Counsel


To:   Anton Papakhin (by ECF)
      Attorney for Plaintiff
      1359 Coney Island Avenue
      Brooklyn, New York 11230
      Tel.: (917) 270-1403
      Fax: (718) 252-2216

cc:   Timothy M. Mahoney (by ECF)
      Law Office of Timothy Mahoney
      P.O. Box 6451
      Astoria, New York 11106
      Tel.: (646) 522-8520
      Fax: (718) 204-7564

Advocates for Children of New York, Inc. (by ECF)
151 West 30th Street, 5th Floor
New York, New York 10001
Tel.: (212) 947-9779

Partnership for Children's Rights (by ECF)
271 Madison Avenue, 17th Floor
New York, New York 10016
Tel.: (212) 683-7999

New York Legal Assistance Group (by ECF)
450 West 33rd Street, 11th Floor
New York, New York 10001
Tel.: (212) 613-5040