# TIKHOMIROV & ROYTBLAT PLLC
## ATTORNEYS AT LAW

1400 Avenue Z, Suite 403
Brooklyn, NY 11235
Tel. (718) 376-9500 ● Fax. (718) 676-5649

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 09-03-08
```

Hon. John G. Koeltl, U.S.D.J.                                    August 28, 2008
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1030
New York, New York 10007

Re: Matter of Stephanie Warren v. New York City Department of Education,
Docket No. 07-CV-9812 (JGK)

Dear Judge Koeltl:

[Handwritten annotation: Application denied. The parties can address the issues of argument. Generally, arguments raised for the first time in a reply brief are not the basis for relief. So ordered. /s/ JGK U.S.D.J.]

    We represent plaintiff Stephanie Warren – parent of the disabled student, Michael Warren. The parties' final reply papers, if any, were supposed to be filed no later than August 25, 2008. Defendant filed a Memorandum of Law in further support of its Motion for Summary Judgment in which he argues for the first time that plaintiff has not established financial eligibility under Connors. We respectfully request leave of Court to file a motion to strike Point IV of defendant's Reply Memorandum of Law. In the alternative, plaintiff requests leave of Court to file a sur-reply memorandum to respond this new issue.

    Defendant can only be seen as making a desperate attempt at the 11th hour to avoid the Court's decision on the merits of the plaintiff's claim that her child was denied both procedural and substantive FAPE and is entitled to the tuition funding relief. The Court should not address the substance of this new defense for the following reasons.

    First, the defendant is precluded from making this argument because it was not preserved for review at any level of this proceeding. Courts reviewing administrative decisions have declined to consider issues that were not preserved at the administrative hearing level. In the instant case, the Impartial Hearing Officer expressly found that the plaintiff was financially unable to pay the private school's tuition and then seek reimbursement from the defendant. That finding is supported by the uncontested evidence in the record. Defendant did not challenge the plaintiff's financial eligibility under Connors at the impartial hearing. Defendant did not appeal this finding to the Office of State Review; the SRO did not disturb the IHO's finding. Finally, the defendant did not raise the issue (nor could it have) in its pleadings in this Court.



Further, the courts have made clear that new issues may not be raised for the first time in reply papers. New arguments not raised in a party's main memorandum are considered waived because the opposing party is deprived of an opportunity to address the issues.

Lastly, the argument should also be barred by laches. If the argument had merit (which it does not) then it should have been raised in the administrative hearing when plaintiff would have had an opportunity to respond. The Court should not entertain a new argument that defendant could have raised at the impartial hearing but chose not to.

For all of the foregoing, the plaintiff respectfully requests an opportunity to move to strike Point IV of defendant's Reply Memorandum of Law or, in the alternative, plaintiff respectfully requests an opportunity to submit a more detailed and formal sur-reply memorandum.

Thank you in advance for your consideration of this important matter.

Sincerely,

Tikhomirov & Reytblat, PLLC
BY: Anton Papakhin (AP4680)

cc. David Alan Rosinus, Esq.
    Timothy Mahoney, Esq.
    Michael D. Hampden, Esq.
    Miranda Blake Johnson, Esq.
    Laura Davis, Esq.